**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000711
30-JAN-2025
08:29 AM
Dkt. 53 SO

NO. CAAP-21-0000711

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

NICHOLAS P. LEECH, Appellant-Appellant, v.
STATE OF HAWAIʻI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS,
Appellee-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-21-0000487)

SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, Nakasone and McCullen, JJ.)

Self-represented Appellant-Appellant Nicholas P. **Leech**

appeals from the Circuit Court of the First Circuit's

December 3, 2021 (1) "Order Affirming Employment Security

Appeals Referees' Office's [(**ESARO's**)] Decision in the Matter of

2008283 Dated January 28, 2021 and Denial of Reopening Dated

April 9, 2021" and (2) Final Judgment.[1]

---

[1] The Honorable James H. Ashford entered the order and judgment. Although Leech filed his November 25, 2021 Notice of Appeal prior to entry of the order and judgment, pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(2), we consider Leech's November 25, 2021 Notice of Appeal as filed immediately after the court entered its order and judgment on December 3, 2021.

Initially, we note that Leech's opening brief presents no points of error and does not comply with Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28 in general. HRAP Rule 1(d) ("Attorneys and pro se parties are deemed to be aware of, and are expected to comply with, all of the provisions of these rules."); HRAP Rule 28(b)(4) (requiring opening briefs to include points of error). Because Leech is self-represented, we liberally interpret his opening brief and address the arguments we are able to discern. See Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below and affirm.

**(1)** Leech's primary contention appears to be that he did not quit his job and, therefore, was entitled to unemployment benefits. Leech claims as he did below that his employer's scheduling system called "Hot schedules" did not show he was scheduled for work.

If employees voluntarily quit employment, they are disqualified from receiving benefits unless they establish that their leaving was with good cause. Hawaiʻi Revised Statutes § 383-30(1) (2015); Hardin v. Akiba, 84 Hawaiʻi 305, 311, 933

2

P.2d 1339, 1345 (1997) (citing Ipsen v. Akiba, 80 Hawaiʻi 481, 488, 911 P.2d 116, 123 (App. 1996)).

The ESARO Appeals Officer found portions of Leech's testimony not credible. Contrarily, the ESARO Appeals Officer found the employer's general manager's testimony that Leech was on the schedule for February 18-24, 2020 and did not show up for work credible.

The ESARO Appeals Officer also determined that Leech did not meet his burden to establish good cause to quit, noting that Leech was not advised by a medical professional to quit his job, and no government order prohibited Leech from working. Leech also never asked the general manager "about work after [Leech] stopped working on February 16, 2020 and before February 29, 2020" when the employer terminated Leech's employment.

The conflict between Leech's testimony and the general manager's was for the ESARO Appeals Officer to resolve. Pave v. Prod. Processing, Inc., 152 Hawaiʻi 164, 172, 524 P.3d 355, 363 (App. 2022) (Appellate courts "cannot consider the weight of the evidence to ascertain whether it weighs in favor of the administrative findings, or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the finding of an expert agency in dealing

3

with a specialized field." (citation and internal quotation marks omitted)).

The ESARO Appeals Officer's decision that Leech voluntarily quit without good cause was based on a credibility determination, which we will not disturb. Thus, the circuit court did not err in affirming the January 28, 2021 ESARO decision.

**(2)** Next, Leech appears to challenge the denial of his request to reopen his appeal.

Leech, however, does not argue that the ESARO Appeals Officer abused his discretion in denying Leech's request to reopen his appeal. Nonetheless, the evidence Leech attempted to submit on reopening was available to him at the time of the appeal hearing. Nishi v. Dep't of Lab. & Indus. Rels., 151 Hawai'i 233, 510 P.3d 1135, No. CAAP-21-0000445, 2022 WL 2176790 at *5 (App. June 16, 2022) (SDO) (citing Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 115, 839 P.2d 10, 27 (1992) (holding no abuse of discretion in denying request to reopen to introduce evidence available at time of hearing)). Thus, the ESARO Appeals Officer did not abuse his discretion in denying Leech's motion to reopen.

Based on the foregoing, we affirm the circuit court's December 3, 2021 (1) "Order Affirming Employment Security Appeals Referees' Office's Decision in the Matter of 2008283

4

Dated January 28, 2021 and Denial of Reopening Dated April 9, 2021," and (2) Final Judgment.

DATED:  Honolulu, Hawaiʻi, January 30, 2025.

On the briefs:                          /s/ Keith K. Hiraoka
                                        Presiding Judge
Nicholas P. Leech,
Appellant-Appellant, pro se.            /s/ Karen T. Nakasone
                                        Associate Judge
Doris Dvonch,
Deputy Attorney General,                /s/ Sonja M.P. McCullen
for Appellee-Appellee.                  Associate Judge